**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **J. JOHNSON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 1719 |
| ) | |
| **J. BRORSON M.D.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

John Johnson ("John") has tendered a self-prepared hand-printed Complaint against

Dr. J. Brorson and Ralph Johnson ("Ralph"), coupled with an In Forma Pauperis Application

("Application") and a Motion for Attorney Representation ("Motion"), with both the Application

and the Motion having been submitted on printed forms provided by this District Court's Clerk's

Office for use by pro se litigants. Although this Court has striven valiantly to make sense of

John's Complaint, it has been unable to do so.[1]

To begin with, although John seeks the modest sum of $200 million by way of

"compensation," which would certainly meet the amount-in-controversy requirement if his effort

to enter the federal courthouse door is predicated on diversity of citizenship, John has not

identified that or any other basis for bringing this action in this federal court. Nonetheless it will

be assumed, purely arguendo, that John's Birmingham, Alabama address coincides with his

Alabama citizenship, while his two targeted defendants (for whom the Complaint provides no

---

[1] Some idea of the difficulties in piercing the thicket that John's allegations present can be derived from the fact that he spends his first two pages repeating again and again and again that he did not give anyone (either the two defendants or anyone else) permission to test him for an HIV infection. And that is only part of the hopeless jumble presented by his 6-1/2 hand-printed page narrative.

addresses) are Illinois citizens (why else would John sue here?).  Although such an assumption is of course irregular because it is the plaintiff's burden, not the court's, to identify the ground for federal subject matter jurisdiction, the assumption will be made nonetheless in an effort to give John some understanding of the other flaws in his lawsuit.

For example, a good deal of what John describes goes back to 2007 -- and to the extent that he seems to be complaining about medical malpractice and related tortious activity, any claims of that sort have long since been outlawed by limitations.[2]  And the same is true to the extent that the actions that he complains about are said to have been fraudulent, as he asserts.[3]

After spending the first four pages of his Complaint in the assertion and repetition of what has already been described, John shifts to a claim that Ralph used his credit card without authorization.  But John's allegation that the credit card expired in June 2009 makes any complaint on that score untimely in limitations terms as well.  Finally, John complains about Ralph's use of his Social Security entitlement to pay for the funeral of Ralph's wife's father and for an undated trip to Jamaica for Ralph.  But there too those matters are alleged to have been narrated to John by his sister in September 2007 (the funeral was in late August of that year), so limitations bar any such claim as well.

In summary, the entire hodgepodge of events spoken of in the Complaint may perhaps have supported a claim (if federal jurisdiction is in fact present) at one time, but not now.  John's Complaint must be perceived as frivolous in the legal sense for more than one reason, and both

---

[2]  Of course the fact that the symptoms of which John complains continued for an extended period of time did not affect the fact that any malpractice claim accrued at the time that the medication that he speaks of assertedly wrongfully prescribed.

the Complaint and this action are dismissed.  That being so, both the Application and the Motion

are denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 14, 2014